# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 23-1353V**

| | |
|---|---|
| JOHN SCHOUEST,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: June 9, 2026 |

*Daniel Wanko, Jr., The Wanko Law Firm, LLC, Thibodaux, LA, for Petitioner.*

*Juliana Rose Kober, U.S. Department of Justice, Washington, DC, for Respondent.*

### <u>DECISION ON ATTORNEY'S FEES AND COSTS[1]</u>

On August 18, 2023, John Schouest filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome related to vaccine administration following an influenza vaccine he received on October 29, 2022. Petition, ECF No. 1. On June 18, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 37.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,466.25 (representing $26,397.60 in fees plus $1,068.65 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed November 19, 2025, ECF No. 41. Counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 45.

Respondent reacted to the motion on December 4, 2025, stating that he is satisfied the statutory requirements for an award of fees are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 42. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner has requested that I apply the following hourly rates for Mr. Wanko as follows: $492.00 per hour for work performed in 2023; $519.00 for 2024; and $558.00 for 2025. ECF No.41 at 2. Petitioner represents that Mr. Wanko has been a licensed attorney since 2001 and was admitted to the Court in 2023. He has approximately 22 years of legal experience prior to this first case in the Vaccine Injury Compensation Program. However, although the requested hourly rates for Mr. Wanko's work fall within the experience ranges provided in OSM's recently-updated rate chart for similarly-situated attorneys, I find the requested rates to be excessive for an individual "new" to the Vaccine Program.[3] Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[4] the following rates are more appropriate for Mr. Wanko's time; $461.00 for time billed in 2023; $492.00 for time billed in 2024; and $534.00 for time billed in 2025. This reduces the amount to be awarded herein by **$1,338.30**.[5]

Mr. Wanko's rate must also be reduced where applied to work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Wanko billed 1.70 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records and preparing exhibit lists. I shall

---

[3] The Attorneys' Fee Schedule for 2026 is available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

[4] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount consists of: ($492 - $461 = $31 x 15.3hrs = $474.30) + ($519 - $492 = $27 x 11.20 hrs = $302.40) + ($558 - $534 = $24 x 23.40 hrs = $561.60) = $1,338.30.

3

reduce Mr. Wanko's rate for these tasks to $186.00 per hour for 2023 and $197.00 per hour for 2024, which is on the highest range of what a paralegal would receive. This reduces the awardable attorney fees by **$471.50.**[6]

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 41-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded $25,656.45 (representing $24,587.80 in fees and $1,068.65 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] This amount consists of ($461 - $186 = $275 x 1.50 hrs = $412.50) + ($492 - $197 = $295 x .20hrs = $59) = $471.50.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.